UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARIO EVANS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:22-cv-00071-SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of movant Mario Evans's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 3). Based on this review, and for the reasons set forth below, the Court will deny and dismiss the motion because it is successive, and because movant has not sought authorization from the United States Court of Appeals for the Eighth Circuit for the Court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A).

### Background

Movant is a self-represented litigant who is currently incarcerated at the United States Penitentiary in Marion, Illinois. On October 17, 2013, he was indicted by a federal grand jury on three separate counts: (1) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e); (2) possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). *United States v. Evans*, No. 1:13-cr-90-SNLJ-1 (E.D. Mo.). On December 4, 2014, before commencement of trial, the government moved to dismiss counts two and three, which were dismissed. Following a jury trial, movant was convicted on count one. On

April 7, 2015, he was sentenced to 221 months' imprisonment and three years' supervised release. Movant filed a notice of appeal.

The United States Court of Appeals for the Eighth Circuit affirmed the judgment of the Court on July 27, 2016. *United States v. Evans*, No. 15-1827 (8th Cir. 2016). On January 23, 2017, the United States Supreme Court denied movant's petition for writ of certiorari. *Evans v. United States*, No. 16-7242 (2017).

Movant filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence on December 22, 2017. *Evans v. United States*, No. 1:17-cv-221-SNLJ (E.D. Mo.). On June 15, 2018, after the government's response and movant's reply, the Court denied the motion on the merits. Movant subsequently filed a notice of appeal. The United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability on September 17, 2018. *Evans v. United States*, No. 18-2428 (8th Cir. 2018).[1]

Movant initiated the instant action on May 27, 2022, by submitting a document titled "Motion for Relief Under Rehaif v. United States." (Docket No. 1). Construing this as an attempt to file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, the Court sent

---

[1] The Court notes that following this appeal, but before filing the instant action, movant made several other attempts to reduce his sentence. On May 24, 2019, he filed a motion for reconsideration of his sentence pursuant to the so-called "Holloway Doctrine." *United States v. Evans*, No. 1:13-cr-90-SNLJ-1 (E.D. Mo.). The Court denied the motion on May 28, 2019. Next, movant filed a motion for compassionate release on April 23, 2020. An attorney entered his appearance for movant, and filed an amended motion for compassionate release under the First Step Act. The Court denied the motion on August 3, 2020. Movant filed an appeal, but the United States Court of Appeals for the Eighth Circuit affirmed the Court's judgment on November 23, 2020. *United States v. Evans*, No. 20-3315 (8th Cir. 2020). On November 12, 2020, while his appeal was pending, movant filed an emergency motion for relief under the First Step Act. *United States v. Evans*, No. 1:13-cr-90-SNLJ-1 (E.D. Mo.). The motion was denied on December 21, 2020. Movant filed yet another motion under the First Step Act on July 27, 2021, which was denied on August 4, 2021.

2

movant a copy of the Court's § 2255 form, and directed him to file an amended motion.[2] The Court received the amended motion on August 1, 2022.

## Movant's Amended Motion

In movant's amended 28 U.S.C. § 2255 motion, he asserts that he is challenging his conviction in *United States v. Evans*, No. 1:13-cr-90-SNLJ-1, in which he was convicted of being a felon in possession of a firearm and an armed career criminal. (Docket No. 3 at 1). He states that aside from his direct appeal, he has not filed any other motions, petitions, or applications concerning this judgment. (Docket No. 3 at 2).

Movant asserts a single ground for relief, based on *Rehaif v. United States*, 139 S.Ct. 2191 (2019). (Docket No. 3 at 4). Specifically, he argues that the Supreme Court's June 21, 2019 "ruling and associated new evidence is the central basis for this ground," that there is a "list [of] nine categories of individuals subject to the prohibition," that he "did not possess the culpable mental state," that his "behavior was an innocent mistake," and that his motion "should be granted."

## Discussion

Movant is a self-represented litigant who has filed an amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court is required to undertake a preliminary review of the motion before directing the United States to respond. Having reviewed the motion, and for the reasons discussed below, movant's § 2255 motion must be denied and dismissed as successive.

---

[2] The Court construed movant's filing as a motion under 28 U.S.C. § 2255 because – in referencing *Rehaif v. United States*, 139 S.Ct. 2191 (2019) – movant was clearly attacking his conviction. A collateral attack on a federal conviction must typically be made pursuant to 28 U.S.C. § 2255. *See Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (stating that the purpose of § 2255 is "to afford federal prisoners a remedy identical in scope to federal habeas corpus" regarding jurisdictional and constitutional errors). This is true regardless of how the action is labeled. *See Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997) (treating inmate's 42 U.S.C. § 1983 claim as "the functional equivalent of a successive habeas action, regardless of its technical label").

3

### A. Successiveness

A district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, under the Antiterrorism and Effective Death Penalty Act of 1996, a federal inmate seeking relief under 28 U.S.C. § 2255 must first receive certification from the court of appeals to file a second or successive motion. *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

An inmate cannot evade this rule "by simply filing a successive [28 U.S.C.] § 2255 motion in the district court." *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition"). Instead, it is up to the Court of Appeals to determine whether movant has made a prima facie case that he has satisfied the requirements of § 2255. *See Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015).

In this case, despite his assertion to the contrary, movant filed a prior 28 U.S.C. § 2255 motion on December 22, 2017. The motion was denied on the merits on June 15, 2018, and the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability on September 17, 2018. The instant motion is therefore a second § 2255 motion. Before movant can bring a second or successive § 2255 motion in this Court, he must receive

authorization from the Court of Appeals. Movant has not sought or received such authorization. Therefore, the motion must be denied, and this action dismissed.

### B. Summary Dismissal

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must dismiss a motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." As discussed above, it is plainly apparent that movant's 28 U.S.C. § 2255 motion is successive, and that movant has not sought or received authorization from the Court of Appeals for an order allowing this Court to consider the application. Thus, the Court cannot entertain movant's request for relief. As such, the motion will be denied and this action dismissed.

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a proceeding under section 2255"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Docket No. 1; Docket No. 3) is **DENIED AND DISMISSED AS**

5

**SUCCESSIVE.** *See* 28 U.S.C. § 2244(b)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 10th day of August, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE